**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4351**

─────────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

PABLO RIVERA-MARTINEZ,

　　　　　Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge. (6:13-cr-00014-TMC-1)

─────────────

Submitted:  October 15, 2013　　　Decided:  November 5, 2013

─────────────

Before KING, FLOYD, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Max B. Cauthen, III, Assistant Attorney General, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pablo Rivera-Martinez pled guilty to illegal reentry by a previously deported alien, 8 U.S.C. § 1326(a) (2006). His Guidelines range was 41-51 months, and he was sentenced to forty-one months in prison. Rivera-Martinez appeals, arguing that the district court erred because it failed to explain why it rejected his request for a lower sentence. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). As part of this review, we must consider whether the district court adequately explained the selected sentence. Id. In this regard, the district court "must place on the record an individualized assessment based on the particular facts of the case." United States v. Carter, 564 F.3d 321, 330 (4th Cir. 2009) (internal quotation marks omitted). If a defendant "presents nonfrivolous reasons" for a sentence different than the one imposed, the court is expected to provide at least a "brief explanation" of the reasons for rejecting the defendant's request. Rita v. United States, 551 U.S. 338, 357 (2007).

We hold that the district court did not abuse its discretion in imposing the presumptively reasonable, within-Guidelines sentence. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). In

2

selecting the sentence, the district court carefully applied various 18 U.S.C. § 3553(a) (2006) sentencing factors. The court took into account Rivera-Martinez's "significant" criminal history, the circumstances of the instant offense, his demonstrated lack of respect for the laws of this country, and the need for the federal government to protect the integrity and sovereignty of its borders.

Rivera-Martinez asked for a sentence below the Guidelines range based on his claimed need to provide for his five children, who reside in Mexico. The district court stated that it sympathized with Rivera-Martinez's desire to support his children. However, the court found that, based on all the circumstances, a sentence within the Guidelines range was appropriate.

We conclude that the district court sufficiently explained its decision to sentence Rivera-Martinez within the properly calculated Guidelines range. It is apparent that the court considered but rejected the request for a variant sentence upon the determination that, on balance, application of various sentencing factors warranted a forty-one-month sentence. We also hold that the within-Guidelines sentence was procedurally and substantively reasonable, and we accordingly affirm. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED